UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ANTHONY TAYLOR, JR.,<br><br>Movant. | No.  2:13-cr-0384 GEB CKD<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Taylor is a federal prisoner proceeding through counsel with a motion attacking his sentence under 28 U.S.C. § 2255.[1]  (ECF No. 30.)  Taylor argues that, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his enhanced sentence under the Career Offender Guideline, based on the finding that he committed a prior "crime of violence," is invalid.

On July 21, 2016, the undersigned granted Taylor's unopposed motion to accelerate briefing, argument, and judgment on the motion, as he is due for release on November 10, 2016 and could only benefit from a judgment prior to that date.  (ECF No. 34.)  The motion has been fully briefed.  (ECF Nos. 36, 37 & 39).  For the reasons set forth below, the undersigned will recommend that the motion be denied.

---

[1] The companion civil case is No. 2:16-cv-1374 GEB CKD.

1

I.  Background

On November 21, 2013, a grand jury returned an indictment charging Taylor with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 1.)  Taylor appeared for arraignment on January 6, 2014.  (ECF No. 7.)  Pursuant to a written plea agreement filed March 17, 2014, Taylor pleaded guilty to one count of violating § 922(g)(1), and the government agreed to dismiss the other count.  (ECF No. 20.)

At the June 27, 2014 sentencing hearing, the district court adopted the presentence investigation report (ECF No. 23 (PSR)) finding that Taylor had one prior conviction for a "crime of violence": his 2007 conviction for second degree robbery under California Penal Code §§ 211 and 212.5.  (ECF No. 27; see PSR, ¶ 31.)  Under the U. S. Sentencing Guidelines (USSG), the finding that Taylor had a qualifying crime of violence resulted in a Base Offense Level of 20.  See USSG §§ 2k2.1(a)(4)(A), 4B1.2(a).  With acceptance of responsibility, Taylor's total offense level was 17, and with a Criminal History Category of IV, his guideline range was 37-46 months.  (ECF Nos. 25 at 2; 26 at 1.)  Accordingly, for Count 2, felon in possession of a firearm, the district court sentenced Taylor to 37 months in prison.  (ECF No. 27.)

Taylor did not appeal.  On June 26, 2015, one year after he was sentenced, the Supreme Court issued its decision in Johnson, holding that the so-called "residual clause" of the Armed Career Criminal Act (ACCA) was unconstitutionally vague.

On June 20, 2016, Taylor filed the instant § 2255 motion through counsel.  (ECF No. 30.)  In his motion to accelerate briefing filed the following month, Taylor indicated that his current release date is November 10, 2016.  (ECF No. 32.)

II.  Legal Standard

Taylor moves to vacate his sentence pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

28 U.S.C. 2255(a).  Thus, "[u]nder 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence was imposed in violation of the Constitution or laws of the United States."  United States v. Withers, 638 F.3d 1055, 1062 (9th Cir. 2011).

III.  Career Offender Guideline

Under the USSG's Career Offender Guideline, a federal defendant is a career offender if (1) he was an adult when he committed the conviction offense; (2) the conviction offense is a felony that is either a "crime of violence" or a "controlled substance offense"; and (3) the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  USSG § 4B1.1.  Career offenders are automatically placed in the highest criminal history category, Category VI, and assigned an offense level that includes the statutory maximum sentence for their offense.  Id.

Prior to its August 1, 2016 amendment in light of Johnson, § 4B1.2 defined a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

USSG § 4B1.2(a).  The underlined portion of the definition is commonly known as the residual clause.  In Johnson, the Supreme Court held that imposing an increased sentence under the identically-worded residual clause of the ACCA violates a defendant's right to due process because the clause is unconstitutionally vague.[2]  135 S.Ct. at 2563.  Generally, the residual clauses in the ACCA and USSG § 4B1.2(a)(2) are interpreted according to the same precedent.  See United States v. Coronado, 603 F.3d 706, 709–11 (9th Cir. 2010).

---

[2] The ACCA provides sentence enhancements for any person who illegally ships, possesses, or receives firearms and has three or more prior convictions for a serious drug offense or violent felony.  18 U.S.C. § 924(e)(1).  Johnson struck down the residual clause of the ACCA provision defining "violent felony," 18 U.S.C. 924(e)(2)(B)(ii).

IV. Discussion

Taylor asserts that, absent a finding that his 2007 robbery was a qualifying crime of violence, his Base Offense Level would be 14 and his advisory Guideline range 21-27 months. (ECF No. 30 at 7-8.) His motion argues that (1) Johnson renders the residual clause of section 4B1.2(a)(2) void for vagueness; (2) Johnson applies retroactively to the Guidelines on collateral review; and (3) Taylor's robbery was not a "crime of violence" under any other Guideline provision.

In its opposition, the government concedes for purposes of the motion that Johnson invalidates section 4B1.2(a)(2)'s residual clause as unconstitutionally vague. (ECF No. 36 at 16.) However, it argues: (1) Taylor's claim is procedurally defaulted because he did not raise it on direct appeal; (2) Johnson does not apply retroactively in the Guidelines context; and (3) Taylor's robbery conviction remains an enumerated crime of violence under the Guideline, irrespective of the residual clause. Taylor addresses each of these arguments in his reply and supplemental reply. (ECF Nos. 37 & 39.)

A. Procedural Default

As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). In order to overcome this procedural default resulting from the failure to raise his claims on direct appeal, the movant must show cause for the default and actual prejudice, or actual innocence. Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-51 (2006). A movant shows cause by demonstrating "that the procedural default is due to an 'objective factor' that is 'external' to the petitioner and that 'cannot be fairly attributed to him.'" Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A]bsent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). However, cause exists when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal could have been filed. Murray v. Carrier, 477 U.S. 478, 488 (1986).

////

The government contends that, to show cause, Taylor must show that his claim was "so novel that [its] legal basis was not readily available to counsel," or that he received ineffective assistance of counsel, or that he is "actually innocent." (ECF No. 36 at 13.) Taylor does not claim actual innocence or that his counsel was ineffective. As to novelty, the government argues that "[w]hen Taylor pled guilty and was sentenced, it had long been established that the Guidelines could be challenged on vagueness grounds." (Id. at 14.) Thus, the government asserts, Taylor's Johnson claim is procedurally defaulted for lack of cause, and he cannot show prejudice because his claim lacks merit. (Id. at 15, n. 2.)

Taylor was sentenced on June 27, 2014. The previous year, the Ninth Circuit rejected the argument that the Career Offender Guideline's residual clause was unconstitutionally vague, as this argument was "foreclosed by Supreme Court precedent." United States v. Spencer, 724 F.3d 1133, 1145-46 (9th Cir. 2013), citing James v. United States, 550 U.S. 192, 210 n.6 (2007) (rejecting Justice Scalia's suggestion that ACCA's residual clause is unconstitutionally vague) and Sykes v. United States, 564 U.S. 1, 15 (2011) (holding that ACCA's residual clause "states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law.") (internal quotations omitted). Months after Taylor was sentenced, the Ninth Circuit reiterated this position in United States v. Martinez[3], 771 F.3d 672, 678 (9th Cir. 2014) (holding that "Supreme Court and Ninth Circuit precedent foreclose" the argument that the ACCA's residual clause is unconstitutionally vague as applied to defendant's prior conviction).

In January 2016, the Supreme Court's decision in Johnson overruled its previous holdings in James and Sykes. See 135 S.Ct. at 2573 (Alito, J., dissenting) ("[B[rushing aside *stare decisis*, the Court holds that the residual clause is unconstitutionally vague even though we have twice rejected that very argument within the last eight years."). The government argues that, while Johnson overruled two prior Supreme Court decisions, "that change in law . . . does not establish cause because" prior to Johnson, the Court "expressly signaled that it might re-examine" the

---

[3] The Supreme Court subsequently granted certiorari in Martinez, vacated the judgment, and remanded the case to the Ninth Circuit in light of Johnson. Martinez v. United States, 135 S. Ct. 2939 (2015).

holdings in James and Sykes. (ECF No. 36 at 13.)   However, in Reed, the Supreme Court held that when one of its decisions explicitly overrules one of its precedents and the new decision is given retroactive application,

> there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a state court to adopt the position that this Court has ultimately adopted. Consequently, the failure of a defendant's attorney to have pressed such a claim before a state court is sufficiently excusable to satisfy the cause requirement.

468 U.S. at 17.

In light of the above, district courts in this circuit have concluded that § 2255 movants under Johnson have shown cause for procedural default. See, e.g., United States v. Dean, 2016 WL 1060229, **5-6 (D. Or. Mar. 15, 2016); Gilbert v. United States, 2016 WL 3443898, **2-3 (W.D. Wash. June 23, 2016); United States of America v. Stamps, 2016 WL 3747286, *3 (N.D. Cal. June 28, 2016); United States of America v. Snead, 2016 WL 4091548, *3 (N.D. Cal. Aug. 2, 2016); United States of America v. Garcia, 2016 WL 4364438, *3 (N.D. Cal. Aug. 16, 2016). Similarly, given the Supreme Court's overruling of its own precedent in Johnson, the undersigned concludes that Taylor has demonstrated cause.

As to prejudice, Taylor must demonstrate that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). This standard is "significantly greater than that necessary under" the plain error standard.[4] Murray, 477 U.S. at 488.

The Ninth Circuit has held that "the Guidelines are the 'starting point and the initial benchmark of sentencing,' Kimbrough v. United States, 552 U.S. 85, 108 (2007), and the failure to accurately state the Guidelines range . . . [would] derail the sentencing proceeding before it

---

[4] The plain error standard of review applies on direct appeal when a defendant fails to raise an objection in the district court. United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir. 2005). "Under the plain error standard, relief is warranted where the district court committed (1) error that (2) is plain; (3) affected substantial rights; and (4) 'seriously affected the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Vargem, 747 F.3d 724, 728 (9th Cir. 2014) (internal quotations omitted).

even began." United States v. Doe, 705 F.3d 1134, 1154 (9th Cir. 2013). Thus, procedural errors in the sentencing process under the Guidelines amount to plain error that affect a defendant's substantial rights and "seriously affect[] the fairness of the proceedings[.]" Id. at 1156; see also Vargem, 747 F.3d at 729 ("[T]his Court has regularly deemed . . . the plain error standard to be satisfied where, as here, the sentencing court committed a legal error that may have increased the length of a defendant's sentence."), quoting United States v. Tapia, 665 F.3d 1059, 1063 (9th Cir. 2011). Recently, the Supreme Court held that, in most cases, the application of an incorrect Guidelines range and sentencing affects the defendant's substantial rights. Molina-Martinez v. United States, 136 S.Ct. 1338, 1346-47 (2016).

Taylor was sentenced under an advisory Guideline range of 37-46 months and claims that, but for a constitutional error, his Guideline range would have 21-27 months. Based on the foregoing, the undersigned concludes that this alleged error "worked to his actual and substantial disadvantage" so as to establish prejudice. See Dean, 2016 WL 1060229, *12 (§ 2255 movant under Johnson established prejudice sufficient to excuse procedural default where his "advisory sentencing range was calculating using what the Government stipulates was an unconstitutionally vague provision"); see also Stamps, 2016 WL 3747286, *4 (same); Snead, 2016 WL 4091548, *4 (same); Garcia, 2016 WL 4364438, **4-5 (same). As Taylor has sufficiently shown cause and prejudice, his failure to raise the instant claim on direct appeal should be excused.

B. Retroactivity

The parties next dispute whether Johnson applies retroactively in the Guidelines context. The Supreme Court recently granted certiorari in Beckles v. United States, 2016 WL 1029080 (June 27, 2016), which presents the question of whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in § 4B1.2(a)(2). Thus it is likely the Court will resolve the precise question raised in this case within the next year.

Generally speaking, new constitutional rules of criminal procedure do not operate retroactively for cases filed by state prisoners seeking federal habeas relief. Teague v. Lane, 489 U.S. 288 (1989). Such a rule applies retroactively if it is a "watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Beard

v. Banks, 542 U.S. 406, 416-17 (2004) (citation omitted).  In contrast, new rules that are substantive, rather than procedural, generally apply retroactively.  Schriro v. Summerlin, 542 U.S. 348, 351 (2004).

Pending the Court's decision in Beckles, Taylor argues that Johnson applies retroactively to the Guidelines on collateral review under Welch v. United States, 136 S. Ct. 1257, 1265 (2016), in which the Supreme Court held that, in the ACCA context, "Johnson is . . . a substantive decision and so has retroactive effect under Teague in cases on collateral review."

Taylor also cites Reina-Rodriguez v. United States, 655 F.3d 1182 (9th Cir. 2011), in which the Ninth Circuit held that an earlier circuit decision limiting the definition of "burglary" under the ACCA[5] was a substantive rule, and therefore retroactive.  Making no distinction between the ACCA and the Illegal Reentry Guideline for purposes of retroactivity, the Ninth Circuit applied the new rule retroactively in a federal prisoner's § 2255 challenge to a sentence enhancement under the Guideline.  Id. at 1189-90.  District courts in this circuit have found that, under Welch and Reina-Rodriguez, a federal inmate whose sentence was enhanced under the Guidelines' residual clause may collaterally challenge his sentence under Johnson, which applies retroactively.  See e.g., Dean, 2016 WL 1060229, *16 (Johnson applies retroactively in the Guidelines context); Stamps, 2016 WL 3747286, **5-6 (same); Snead, 2016 WL 4091548, *5 (same); Garcia, 2016 WL 4364438, *6 (same); United States v. Hoopes, 2016 WL 3638114, *7 (D. Or. July 5, 2016) (same).

The government concedes that the Johnson rule is new, but argues that it is procedural, not substantive, in the Guidelines context.  Reina-Rodriguez is distinguishable, the government contends, because that case concerned the retroactivity of a new, non-constitutional rule rather than a new constitutional rule such as Johnson.  See Reina-Rodriguez, 655 F.3d at 1188 (Grisel is a new rule. . . . But it is not a new *constitutional* rule, since it does not implicate constitutional rights. . . . As a result, Teague's retroactivity bar does not apply.") (emphasis in original).

---

[5] United States v. Grisel, 488 F.3d 844, 851 (9th Cir. 2007) (en banc) (concluding that second-degree burglary under Oregon law is not a categorical match with ACCA's definition of "violent felony").

The government further argues that Johnson did not announce a "watershed" procedural rule in the Guidelines context, and thus is not retroactive. Similarly, the Fifth and Eleventh Circuits have concluded that Johnson does not apply retroactively to allow resentencing under the Guidelines. In re Griffin, 823 F.3d 1350, 1355 (11th Cir. 2016); In re Williams, 806 F.3d 322, 32627 (5th Cir. 2015). However, these courts were not bound by the Ninth Circuit's decision in Reina-Rodriguez. See Garcia, 2016 WL 4364438, *6 n.6.

Here the undersigned concludes that, pending Supreme Court review, Johnson should apply retroactively in the Guidelines context.

C. Crime of Violence

While the government concedes that Johnson invalidates the residual clause of the Career Offender Guideline, they maintain that Taylor's robbery conviction under Cal. Penal Code § 211 qualifies as a crime of violence under other Guideline language left untouched by Johnson.[6]

Prior to Johnson, the ACCA defined a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

18 U.S.C. § 924(e)(2)(B). Thus, notwithstanding the residual clause (underlined), a crime is violent felony under the ACCA if it is burglary, arson, extortion, or involves the use of explosives (the "enumerated offenses clause") or if it "has as an element the use, or attempted use, or threatened use of physical force against the person of another" (the "elements clause"). In Johnson, the Court stated that its decision "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135

---

[6] In California, robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, against his will, accomplished by means of force or fear." Cal. Penal Code § 211. Second degree robbery is the robbery of any victim other than persons in certain enumerated circumstances (e.g., operating a bus or taxicab or having just used an ATM machine). Cal. Penal Code § 212.5.

S.Ct. at 2563.

Similar to the ACCA and prior to Johnson, the Career Offender Guideline's definition of "crime of violence" included offenses that had "as an element the use, attempted use, or threatened use of physical force against the person of another" (elements clause); or constituted a burglary of a dwelling, arson, extortion, or involved the use of explosives (enumerated offenses clause). USSG § 4B1.2(a) (2014). Prior to the August 1, 2016 amendment of the Guidelines, robbery was not included as an enumerated offense.[7]

However, in the Guidelines under which Taylor was sentenced, Application Note 1 of § 4B1.2 listed several qualifying crimes of violence, including robbery. U.S.S.G. § 4B1.2 app. n.1 (2014). The government argues that the Application Note's definitions are binding, such that Taylor's second degree robbery was a Guidelines crime of violence when he was sentenced, even without the residual clause. See Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

The government contends that the Illegal Reentry Guideline, USSG § 2L1.2 & n.1(B)(iii), which also defines "crime of violence," is analogous to § 4B1.2(a). In United States v. Becerril-Lopez, 541 F.3d 881 (9th Cir. 2008), the Ninth Circuit considered whether a defendant's prior robbery conviction under Cal. Penal Code § 211 was categorically a crime of violence for purposes of U.S.S.G. § 2L1.2. The court noted that, as defined in the commentary to USSG § 2L1.2, "crime of violence" included several offenses, including robbery and extortion. Id. at 890. The court interpreted the listed offense of robbery as generic robbery, or "misappropriation of property under circumstances involving immediate danger to the person." Id. at 891. The court found that Cal. Penal Code § 211 covered a broader range of conduct than the Reentry Guideline's generic robbery, because, in addition to threats to persons, § 211 also encompassed threats to property, e.g., "Give me $10 or I'll key your car." Id. at 891. However, the court

---

[7] As of August 1, 2016, robbery is listed in § 4B1.2(a)(2) as an enumerated crime of violence.

10

further determined that banned conduct under Cal. Penal Code § 211 that did not rise to the level of generic robbery "would necessarily constitute generic extortion[8] and therefore be a 'crime of violence' under U.S.S.G. § 2L1.2." Id. at 892. Thus, the Ninth Circuit concluded that a conviction under Cal. Penal Code § 211 constituted a 'crime of violence' for purposes of the Illegal Reentry Guideline. Id. at 893. See also United States v. Flores-Mejia, 685 F.3d 1213, 1215 (9th Cir. 2012) ("[A]ny conviction under § 211 constitutes a crime of violence for purposes of § 2L1.2, regardless of whether the crime of conviction could be characterized as generic robbery or generic extortion.").

In a recent unpublished opinion, the Ninth Circuit affirmed that Becerril-Lopez "is undisturbed by Johnson," such that a prior conviction under Cal. Penal Code § 211 is categorically a crime of violence under the Illegal Reentry Guideline and, by extension, the Firearms Guideline, USSG § 2K2.1. United States v. Tate, slip op., No. 15-10283, 2016 WL 4191909, **1-2 (Aug. 9, 2016). "Section 2K2.1 does not define 'crime of violence,'" the Tate court noted. "Rather, one of § 2K2.1's application notes states that the phrase 'has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.' [Citation.] Application Note 1 of § 4B1.2 states that robbery and extortion are both crimes of violence. U.S.S.G. § 4B1.2 app. n.1; see also U.S.S.G. § 4B1.2(a)(2)." Id. See also Snead, 2016 WL 4091548, *7 ("'B]ecause the Ninth Circuit has held that California Penal Code section 211 always constitutes either generic robbery or generic extortion, Movant's conviction under section 211 continues to qualify as a crime of violence following Johnson.").

Taylor argues that his conviction under Cal. Penal Code § 211 is not a crime of violence under Application Note 1 of § 4B1.2. He contends this interpretation of Application Note 1 would be "inconsistent with the Guideline itself" under Stinson, 508 U.S. at 38. Taylor cites United States v. Dixon, 805 F.3d 1193, 1197-98 (9th Cir. 2015), in which the Ninth Circuit held that Cal. Penal Code § 211 criminalized conduct not included in the ACCA's definition of

---

[8] The Supreme Court has defined generic extortion as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." Id. at 891-92, citing Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 409 (2003).

11

"violent felony" – specifically, robberies accomplished by the accidental or negligent use of force.  Thus, "a violation of CPC § 211 is not categorically a 'violent felony' under the ACCA." Id. at 1198.  The Dixon court explained that Becerril-Lopez and Flores-Mejia did not control the outcome, because "[u]nlike [the Illegal Reentry Guideline] . . ., the ACCA's definition of 'violent felony' includes only generic extortion; it omits generic robbery."  805 F.3d at 1196.  In light of the above discussion of Application Note 1 of § 4B1.2, which lists both generic robbery and generic extortion as "crimes of violence," the undersigned concludes that Dixon is distinguishable and Becerril-Lopez/Flores-Mejia control here.

   In sum, under Ninth Circuit precedent, Taylor's Cal. Penal Code § 211 conviction remains a crime of violence under Guideline language left untouched by Johnson.  As a result, even if Johnson retroactively applies to invalidate the Guideline's residual clause, Taylor's sentence enhancement for a prior crime of violence does not violate the Constitution.

   Accordingly, IT IS HEREBY RECOMMENDED that:

   1. Movant's June 20, 2016 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

   2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1374 GEB CKD.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after

////

////

1  service of the objections. The parties are advised that failure to file objections within the
2  specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3  1153 (9th Cir. 1991).
4  Dated:  September 28, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / tayl0384.2255