# UNITED STATES DISTRICT COURT
## Eastern District of California

## Superseding Petition For Warrant or Summons For Offender Under Supervision

**Name of Offender:**     Anthony Taylor, Jr.          **Docket Number:**     0972 2:13CR00384-01

**Name of Judicial Officer**:     Senior United States District Judge Garland E. Burrell, Jr.

**Date of Original Sentence:**     6/27/2014

**Original Offense:** 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm (Class C Felony)

**Original Sentence:** 37 months custody of the Bureau of Prisons; 3-year term of Supervised Release; $100 Special Assessment; Mandatory Drug Testing; DNA Collection; Firearms Restrictions.

**Special Conditions:**

Warrantless Search
Financial Disclosure
Drug/Alcohol Treatment
Drug/Alcohol Testing
No Alcohol
Mental Health Treatment
Aftercare Co-payment
Cognitive Behavioral Treatment
Inpatient Substance Abuse Treatment

**Type of Supervision:**     TSR

**Date Supervision Commenced:**     12/27/2016 – original term of Supervised Release commenced
                                    03/28/2018 – Supervised Release commenced after revocation

**Other Court Actions:**

**01/26/2017:**     Probation 12B Petition filed with the Court, detailing the offender's need for mental health services. With the offender's consent, Your Honor modified the offender's conditions to include participation in outpatient mental health treatment as directed by the Probation Officer.

**05/26/2017:** Probation 12B Petition filed with the Court, detailing the offender's use of controlled substances. With the offender's consent, Your Honor modified the offender's conditions to include participation in Moral Reconation Therapy, inpatient correctional treatment for a period of up to 90 days, and location monitoring for one month.

**08/23/2017:** Probation 12C Petition filed with the Court alleging the offender's failure to participate in an inpatient treatment program as directed. Matter placed on calendar for 8/28/2017.

**08/28/2017:** Initial appearance held before Magistrate Judge Kendall J. Newman. The Court ordered the offender continued on supervised release and to remain out of custody on the previously imposed Supervised Release conditions. Admit/Deny Hearing set for 10/27/2017.

**09/18/2017:** Superseding Probation 12C Petition filed with the Court alleging use of a controlled substance. Matter placed on calendar for 9/29/2017.

**09/29/2017:** Initial appearance held before Magistrate Judge Carolyn K. Delaney. Offender ordered detained and Admit/Deny Hearing remained set for 10/27/17.

**10/27/2017:** Offender appeared before Your Honor and admitted to Charges 1 & 2 of the Superseding Probation 12C Petition filed on 09/18/2017. Sentencing on violation set for 12/1/17 at 9:00 a.m.

**12/01/2017:** Sentencing Hearing on Violation of Supervised Release. Offender appeared before Your Honor and his Supervised Release was revoked. Mr. Taylor was sentenced to 6 months custody of the Bureau of Prisons followed by a 30-month Term of Supervised Release.

**07/11/2018:** Probation 12A Petition approved by the Court detailing the offender's use of a controlled substance. The Court took no further action.

**10/09/2018:** Probation 12C for Warrant filed with the Court alleging failure to reside and participate in an inpatient correctional treatment program and unauthorized/excessive use of alcohol. Your Honor issued a warrant for the offender's arrest.

**10/10/2018:** Warrant executed by the United States Marshals.

**10/11/2018:** Initial appearance before Magistrate Judge Deborah Barnes. Detention Hearing set for 10/15/2018. Offender ordered temporarily detained pending further proceedings.

**10/15/2018:** Detention Hearing held before Magistrate Judge Deborah Barnes. After hearing from all parties, Court ordered the offender detained. Status Hearing scheduled for 11/2/2018, at 9:00 a.m., before Your Honor.

---

**PETITIONING THE COURT**

☒   **OTHER:   Matter to be placed on the Duty Magistrate's calendar for October 29, 2018, at 2:00 p.m., for arraignment on this Superseding Probation 12C Petition.   Notably, Mr. Taylor was previously ordered detained by the Court on October 15, 2018.**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**            **Nature of Violation**

**Charge 1:**                      **FAILURE  TO  RESIDE  AND  PARTICIPATE  IN  AN  INPATIENT CORRECTIONAL TREATMENT PROGRAM**

On September 19, 2018, the offender was unsuccessfully discharged from the WellSpace Health inpatient program, after submitting to a random breathalyzer test which reflected an alcohol level of .010.  This conduct is in violation of Special Condition Number 9 which states, *"The defendant shall reside and participate in an inpatient correctional treatment program to obtain assistance for drug and/or alcohol abuse, for a period of up to 90 days, and up to 10 additional days for substance abuse detoxification services if deemed necessary."*

**Charge 2:**                      **UNAUTHORIZED/EXCESSIVE USE OF ALCOHOL**

On September 19, 2018, while participating in the WellSpace Health inpatient program, the offender submitted to a random breathalyzer test, which reflected an alcohol level of .010.  This conduct is in violation of Special Condition Number 5 which states, *"The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale."*

**Charge 3:**                      **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

On October 18, 2018, a drug test sweat patch returned positive indicating the illegal use of amphetamine and methamphetamine.  This is in violation of the Mandatory Condition which states, "*The defendant shall refrain from any unlawful use of a controlled substance.*"

**Justification:**  The offender's second term of Supervised Release commenced on March 28, 2018.  As detailed in the Probation 12A Petition submitted to the Court on July 11, 2018, the offender relapsed to the use of cocaine on May 22, 2018, and his substance abuse quickly escalated as displayed by his additional positive drug tests for methamphetamine on June 6 and 12, 2018.

On June 22, 2018, Mr. Taylor began participating in the WellSpace Health inpatient treatment program through their detoxification process.  Initially, the offender demonstrated positive progress in the program; however, as indicated above, on September 19, 2018, a random breathalyzer test reflected the offender's relapse to alcohol use **(Charge 2)**.  Furthermore, the offender violated WellSpace Health program rules by consuming alcohol and was unsuccessfully discharged from the program on the same date **(Charge 1)**.

PROB 12C
(07/13)

On October 1, 2018, the offender reported to the Probation Office and a sweat patch was applied to determine if the offender had reverted to the use of drugs.  On October 10, 2018, prior to his arrest, the sweat patch was removed.  On October 18, 2018, results returned positive for amphetamine and methamphetamine **(Charge 3)**.  Furthermore, Mr. Taylor's violation conduct warrants the requirement of mandatory revocation under 18 USC 3583 (g) 4, as he has tested positive for illegal controlled substances more than three times over the course of one year.

**Detention:**  Mr. Taylor presents a significant safety risk to himself and may present a danger to the community, based on his ongoing drug use, his criminal history, and unwillingness to comply with the Court's orders.  Historically, based on the offender's previous behavior, after being discharged from inpatient services, his use of drugs and alcohol escalated quickly.  Furthermore, by his own admission, the offender has a history of abusing a variety of drugs to the extent that he is unaware of what he has consumed.  This behavior is highly concerning as the offender places both himself and the community in danger.  His use of alcohol and controlled substances also places him at increased likelihood to reoffend.  As such, it is recommended that Mr. Taylor remain detained until the resolution of the violation proceedings.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**     October 25, 2018
                              Modesto, California
                              MM/lr

                                                        Respectfully submitted,

                                                        */s/ Molly R. McSorley*

                                                        **Molly R. McSorley**
                                                        **United States Probation Officer**
                                                        Telephone: 916-539-1967

**DATED:**     10/25/2018

                                                        Reviewed by,

                                                        */s/ Laura Weigel*

                                                        **Laura Weigel**
                                                        **Supervising United States Probation Officer**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☐  The issuance of a warrant.

☐  The issuance of a summons.

☒  Other:  **Matter to be placed on the Duty Magistrate's calendar for October 29, 2018, at 2:00 p.m., for arraignment on this Superseding Probation 12C Petition.  Notably, Mr. Taylor was previously ordered detained by the Court on October 15, 2018.**

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐  Defendant is ordered detained, to be brought before District Judge forthwith.

☐  Initial appearance and detention hearing before Magistrate Judge.

       Dated: October 25, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge

cc:     United States Probation

        Assistant United States Attorney: Roger Yang

        Defense Counsel:  Douglas Beevers

        United States Marshal Service

# SUPERSEDING STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable Garland E. Burrell, Jr.
Senior United States District Judge
Sacramento, California

                                    **RE:**     **Taylor, Anthony**
                                              **Docket Number: 0972 2:13CR00384-01**

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**     **FAILURE TO RESIDE AND PARTICIPATE IN AN INPATIENT CORRECTIONAL TREATMENT PROGRAM**

   **a. Evidence:**

   i. WellSpace Health Client Incident Report dated September 19, 2018, advising of the offender's positive breathalyzer results and unsuccessful discharge from the program.

   **b. Witnesses:**

   i. WellSpace Health personnel will testify as to the offender's failure to follow program rules, which resulted in his unsuccessful discharge.

   ii. United States Probation Officer Molly McSorley will testify as to the instructions given to the offender concerning his required participation in the WellSpace Health inpatient program.

**Charge 2:**     **UNAUTHORIZED/EXCESSIVE USE OF ALCOHOL**

    **a. Evidence:**

        i. WellSpace Health Client Incident Report dated September 19, 2018, advising of the offender's positive breathalyzer results and unsuccessful discharge from the program.

    **b. Witnesses:**

        i. WellSpace Health personnel will testify that the offender was observed while he submitted to a random breathalyzer test which reflected a .010% positive alcohol result.

**Charge 3:**     **UNLAWFUL USE OF A CONTROLLED SUBSTANCE**

    **a. Evidence:**

        i. Pharmchem, Inc. Clinical Reference Laboratory results for Specimen Number 761060010 which tested positive for amphetamine and methamphetamine.

    **b. Witnesses:**

        i. Unites States Probation Officer Molly McSorley will testify as to the application and removal of the sweat patch on October 1 and 10, 2018.

Respectfully submitted,

*/s/ Molly R. McSorley*

**Molly R. McSorley**
**United States Probation Officer**
Telephone: 916-539-1967

**DATED:**    10/25/2018
          Modesto, California

Reviewed by,

*/s/ Laura Weigel*

**Laura Weigel**
**Supervising United States Probation Officer**

## SUPERSEDING REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:**     Anthony Taylor, Jr.      **Docket Number:**      0972 2:13CR00384-01

**Date of Original Offense:**      July 23, 2013

**Original term of supervised release imposed:** 3 **years**

**Highest grade of violation alleged:** C

**Criminal History Category of offender:** IV

**Original guideline range:** 46 **to** 57 **months.**

**Chapter 7 range of imprisonment:** 6 **to** 12 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**

☒      **Class C and/or D felony - 2 years**

**Violation requires mandatory revocation: YES:** ☒    **NO:** ☐

**<u>Original offense committed on or after 04/30/2003</u>**: Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

### <u>MANDATORY REVOCATION ISSUES</u>

**<u>Original offense committed after 09/13/94:</u>** Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of: 1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing. If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**<u>Positive/Failed Drug Tests after 11/02/2002:</u>** Title 18 USC 3583(g) amended and instructs that supervision be revoked for: Testing positive for illegal controlled substances more than three times over the course of one year.

       PROB 12C
(07/13)